By the Court.
The relator, George W. Knecht, in his petition filed in this court asks that a writ of mandamus be issued commanding defendant as superintendent of banks in charge of and in possession of the assets of the Osborn Bank of Osborn to pay the relator out of the assets of said bank the sum of $280. On June 26, 1913, the superintendent of banks appointed relator a special deputy superintendent of banks, to assist him, as agent, in the liquidation and distribution of the assets of said Osborn Bank. The relator qualified as such special deputy superintendent of banks and his compensation was fixed by the superintendent of banks at $280 per month, payable out of the assets of said bank, and such compensation in the amount so fixed was approved by the common pleas court of Greene county, Ohio, the county in which the office of said bank was located. Relator upon his appointment *488 and qualification entered upon the discharge of his duties and continued to discharge the duties devolving upon him until the first day of January, 1915, and was paid each month, except for the month of December, 1914, the sum of $280. The relator demanded from the superintendent of banks the payment of said sum, which the latter refused and still refuses to pay. A demurrer was filed to the petition, and the only question presented to this court is whether the, approval by the common pleas court, at the time the compensation was fixed by the superintendent of banks and before the relator entered upon his duties, was a compliance with the provisions of Section 742-4, General Code, as it stood prior to the amendment of May 20, 1915 (106 O. L., 360). The section prior to amendment read:
“Sec. 742-4. The expenses incurred by the superintendent of banks in the liquidation of any bank in accordance with the provisions of this act, shall include the expenses of deputy or assistants, clerks and examiners employed in such liquidation, together with reasonable attorney fees for counsel employed by said superintendent of banks in the course of such liquidation. Such compensation of counsel, of deputies or assistants, clerks, and examiners in the liquidation of any corporation, company, society or association, and all expenses of supervision and liquidation shall be fixed by the superintendent of banks, subject to the approval of the common pleas court of the county in which the office of such corporation, company, society or association was located, on notice to such corporation, company, society or association. The expense of *489 such liquidation shall be paid out of the property of such corporation, company, society or association in the hands of said superintendent of banks, and such expenses shall be a valid charge against the property in the hands of said superintendent of banks and shall be paid first, in the order of priority.”
We do not think that the approval of the compensation of a special deputy superintendent of banks by the common pleas court in advance of the rendition of services meets the requirement of this statute. Before the writ can issue in the instant case it must appear that the common pleas court approved the compensation of relator after the services were rendered by him.

Demurrer sustained.

Nichols, C. J., Wanamaker, Newman, Jones. Matthias, Johnson and Donahue, JJ., concur.